IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

| | | |
|---|---|---|
| JIT International Corporation Limited | * | |
| Plaintiff, | * | Civil Action No. 4:13-01762 |
| v. | * | |
| Lauritzen Bulkers A/S , | * | IN ADMIRALTY |
| Defendant, | * | |
| and | * | |
| The Master of the M/V ADMIRAL BULKER, *et al.*, | * | |
| | * | |
| Garnishees | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH REQUEST FOR
<u>WRITS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Plaintiff JIT International Corporation Limited  ("JIT") sues Lauritzen Bulkers

("Lauritzen"),  in personam and quasi in rem, pursuant to Federal Supplemental Admiralty and

Maritime Rule B, as follows:

<u>**Jurisdiction and Venue**</u>

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §

1333, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2.      Venue is proper in this Court because the Garnishee and property of defendant,

the bunkers aboard the vessel M/V ADMIRAL BULKER, operated by defendant and related

property of defendant ( collectively herein, the "Vessel") is or soon will be located in this

District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

Pursuant to Fed. R. Civ. P. 9 (c), plaintiff states that all conditions precedent to plaintiff's claims

herein have occurred or been performed.

## The Parties

3.      Plaintiff JIT is a Chinese corporation, which sub-chartered the vessel OCEAN

PREFECT from Lauritzen.

4.      Defendant Lauritzen is an ocean carrier and shipowner, and the owner of the M/V

TESS BULKER.

## Facts

5.      By a time charterparty dated 19 October 2012, the Defendant Lauritzen Bulkers

A/S time chartered M.V. "Ocean Prefect" (the "Vessel") to the Plaintiff JIT International

Corporation Limited for one time charter trip with estimated duration for about 65-70 days

without guarantee (the "C/P").

6.      The Plaintiff in turn sub-chartered the Vessel to Qingdao Shitian International

Logistic Co., Ltd (the "Shitian") and Tianjin Ruicheng International Transportation Co., Ltd (the

"Ruicheng") (collectively the "Sub-Charterparties").

7.       The Vessel was delivered to the Plaintiff on or about 23 October 2012.

8.      General cargoes were loaded on board the Vessel at Tianjin, Qinhuangdao and

Shanghai PRC for discharging at Guanta and Maracaibo of Venezuela.

9.      The carriage of cargoes shipped by Shitian was evidenced by bills of lading

No.OPTJGT205, and the carriage of cargoes shipped by Ruicheng was evidenced by bills of

lading Nos.OPTJGT210, OPTJGT211, OPSHGT301, OPSHGT302 and OPSHGT303.

10.      The Vessel departed from her last loading port of Shanghai on or about 20

November 2012.

11.     According to the Master's reports, the Vessel encountered adverse current and rough sea during the period from 24 November to 26 November 2012, and it was observed that cargo wire lashing was parted and containers were found smashed and damaged.

12.      The Vessel arrived at the anchorage of her first discharging port of Guanta on or about 1 January 2013, and subsequently berthed on 30 January 2013.

13.     Serious cargo damages were discovered at Guanta.  Surveyors from M/s Global Inspection Venezuela C.A. (the "GIV") boarded the Vessel and carried out an inspection of the cargo damages while the Vessel was alongside the berth of Guanta.

14.     Ruicheng and Shitian claimed against the Plaintiff cargo damages together with interest and costs respectively in the sums of US$18,000,000 and US$12,000,000 under the Sub-Charterparties.  In the meantime, the Plaintiff was requested to provided security for those cargo claims.

15.     In the circumstances, the Plaintiff in turn claim same damages and/or an indemnity for losses, damages, costs and/or other expenses incurred or which will be incurred by the Plaintiff arising out of unseaworthiness of the Vessel and/or the Defendant's breach of contract and/or duty and/or for negligence in and about the carriage of cargo from Tianjin and/or Shanghai to Guanta under the Charter Party ("C/P").  The Plaintiff also claims for interest and costs.

16.     To the best of the Plaintiff's information, knowledge and belief, the Defendant is, at the date of this application, the registered owners of the ship or vessel "Tess Bulker" (IMO No.9423255).

17.     Pursuant to Clauses 17 and 73 of the C/P, any dispute arising out of or in

connection with the C/P is to be referred to arbitration in London.

18.     No arbitration proceedings in respect of the Plaintiff's claim herein have been commenced as yet.  The Defendant has however commenced arbitration proceedings against the Plaintiff for claims that the Defendant has alleged against the Plaintiff.  The Plaintiff is commencing these proceedings to obtain security for the purposes of arbitration.  Lauritzen further has proceeded, in apparent aid of arbitration proceedings which it has demanded, to seize JIT assets, including bunkers of vessels chartered by JIT and bank accounts maintained or alleged to be maintained by JIT.

19.     The Plaintiff has not been able to obtain any other security from the Defendant and/or payment in respect of its claims herein.  The Plaintiff has also not made any prior arrests of the Defendant's vessels to obtain security and/or payment in respect of the Plaintiff's claims herein.  In the premises, the aid and process of the Court is necessary to obtain payment and/or security for the Plaintiff's claims herein.

### Count I - Breach of Maritime Contracts

20.     Plaintiff incorporates the above paragraphs as if specifically set forth herein.

21      Lauritzen has breached its maritime contracts with JIT and further has caused JIT damages for wrongful seizure and attachment.

22.     9 U.S.C. § 8 further provides as follows:

> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

JIT further seeks attachment of Lauritzen property, for security for its damages and costs

in  connection with the arbitration proceedings commenced by Lauritzen, in which JIT intends to pursue counter-demands for arbitration and its costs.

23.     JIT therefore demands judgment against defendant, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

24.     Plaintiff incorporates the above paragraphs as if specifically set forth herein.

25.     On information and belief, defendant has or shortly will have property within this District held by the Garnishee, including the Vessel.

26.     Defendant cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of defendant's tangible or intangible property or any other funds held any Garnishee on behalf of defendant, up to the amount of at least the amount demanded herein to secure plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

## Prayer for Relief

WHEREFORE, Plaintiff prays:

A.     That in response to Count I , judgment be entered against defendant in the amount of at least USD $30,000,000 (Thirty Million United States Dollars), plus interest, costs, and attorneys fees;

B.     That in response to Count II, since defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of defendant's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged

in the Verified Complaint; and

C.      That this Court award plaintiff such other and further relief that this Court deems
just and proper.

Dated: June 17, 2013.

/s/ J. Stephen Simms
J. Stephen Simms
Attorney-In-Charge (*motion pending*)
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
(410) 783-5795
jssimms@simmsshowers.com

JIT Counsel

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my

knowledge and information based upon the records of plaintiff made available to me by plaintiff.

Authorized officers of plaintiff are not readily available in this District to make verifications on

plaintiff's behalf.  I am authorized to make this verification on plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of

electronic records and Directory Assistance for addresses and telephone numbers in this District

of defendant, finding no presence of defendants in this District.  I also searched the records of the

Texas Department of Corporations, finding no resident agent appointed for defendant in this

District.  There is no record otherwise of any general or resident agent authorized to accept

service of process for defendant in this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the

foregoing is true and correct.

Executed on June 17, 2013.

/s/ J. Stephen Simms
J. Stephen Simms
